**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NANCY HUTCHINGS,**

        **Plaintiff,**

**-vs-**                                                                      **Case No. 6:08-cv-305-Orl-19KRS**

**FEDERAL INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss by Defendant Federal Insurance Company (Doc. No. 3, filed Feb. 29, 2008);

2. Response and Accompanying Memorandum of Law to Defendant's Motion to Dismiss by Plaintiff Nancy Hutchings (Doc. No. 8, filed Mar. 7, 2008);

3. Reply to Plaintiff's Motion and Accompanying Memorandum of Law by Defendant (Doc. No. 19, filed Mar. 28, 2008); and

4. Surreply and Accompanying Memorandum of Law to Defendant's Reply to Plaintiff's Response and Accompanying Memorandum of Law to Defendant's Motion to Dismiss by Plaintiff (Doc. No. 27, filed Apr. 18, 2008).

### Background

Plaintiff Nancy Hutchings purchased a homeowners' insurance policy from Defendant Federal Insurance Company which went into effect on April 22, 2007. (Doc. No. 2 at 6, filed Feb. 29, 2008.) Plaintiff alleges that on or about May 17, 2007, her home sustained damage due to

"sinkhole activity." (*Id.* at 2, ¶ 7.) She asserts that this damage constituted a covered loss, and Defendant has failed to "pay all sums due under the Insurance Policy for structural damage to the home . . . , for stabilization of the land . . . , for damages to contents[,] and other covered losses." (*Id.* at 3, ¶ 10.) Plaintiff avers that this failure to pay constitutes a breach of contract, and her damages include "the unpaid amounts due under the Insurance Policy, consequential damages[,] and pre and post judgment interest." (*Id.* ¶ 13.)

Defendant moves to dismiss Plaintiff's prayer for consequential damages, arguing that it is improper under the terms of the insurance contract.[1] (Doc. No. 3 at 1, ¶ 3.) Plaintiff has responded to the Motion, claiming that Defendant's request should be construed as a motion to strike rather than a motion to dismiss. (Doc. No. 8 at 3.) With the leave of this Court, Defendant filed a Reply to Plaintiff's Response, and Plaintiff in turn filed a Surreply. (Doc. Nos. 19, 27.) Both briefs address the propriety of consequential damages, specifically loss of use damages, in a breach of contract action.

**Analysis**

**I.     Proper Construction of Defendant's Motion to Dismiss**

A motion to dismiss under Federal Rules of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted applies only to "claims." Fed. R. Civ. P. 12(b)(6); *Pace v. Platt*,

---

[1] Plaintiff originally brought this suit in state court, and Defendant removed the case to federal court on February 29, 2008. (Doc. No. 1.) Defendant filed the instant Motion prior to removal and also sought dismissal under the Florida Rules of Civil Procedure because Plaintiff had not attached to the Complaint a complete copy of the contract at issue. (Doc. No. 3 at 1, ¶¶ 1-2.) Due to the removal of this case to federal court, Defendant concedes that this is no longer a proper basis to dismiss the Complaint. (Doc. No. 19 at 1.) The only remaining issue is the propriety of the request for consequential damages. (*Id.*)

228 F. Supp. 2d 1332, 1334 (N.D. Fla. 2002). As this Court has previously held, a request for a certain type of damages is not a "claim" within the meaning of the Federal Rules of Procedure 8(a)(2) but is merely the relief demanded as part of a claim. *Walker v. City of Orlando*, No. 6:07-cv-651-Orl-19DAB, 2007 WL 1839431, at *4 (M.D. Fla. June 26, 2007). Partial dismissal of a complaint is permissible but is generally limited to those situations in which an entire claim or count is dismissed rather than a portion of a claim. *See, e.g.*, *Diaz v. Cobb*, 435 F. Supp. 2d 1206, 1217 (S.D. Fla. 2006) (dismissing select counts in their entirety); *Carter v. Norfolk S. Ry. Co.*, No. 4:06-cv-58(CDL), 2007 WL 1704456 (M.D. Ga. June 11, 2007) (dismissing all claims "based upon allegations of a pattern and practice of discrimination by Defendant").

A motion to strike under Rule 12(f) applies to "a pleading," and a court may strike "any redundant, immaterial, impertinent, or scandalous matter." In other words, whereas an entire claim or count may be *dismissed*, portions of a claim or count may be *stricken*. *Compare* Fed. R. Civ. P. 12(b)(6) *with* Fed. R. Civ. P. 12(f). If a party has improperly labeled a motion to strike as a motion to dismiss, a court may treat the improperly labeled motion to dismiss as a motion to strike. *See, e.g.*, *Bhagwant v. Kent School Corp.*, 453 F. Supp. 2d 444, 447 n.4 (D. Conn. 2006); *Fisher v. Borough of Doylestown*, No. 2:02-cv-4007, 2003 WL 22134790, at *4 n.5 (E.D. Pa. May 20, 2003); *cf. In re Everglades Island Boat Tours, LLC*, 484 F. Supp. 2d 1259, 1261 n.2 (M.D. Fla. 2007) (treating, alternatively, a motion to strike as a motion to dismiss).

In the instant case, Defendant seeks to dismiss the prayer for consequential damages in paragraph 13 of the sole count of the Complaint. (Doc. No. 3 at 1, ¶ 4.) Defendant does not move for dismissal of a claim in its entirety but only part of a claim. (*Id.*) Therefore, a motion to strike

is the appropriate mechanism to pursue removal of the prayer for consequential damages in the Complaint. Defendant's motion to dismiss will be construed as a motion to strike.

## II. Merits of Defendant's Motion

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). It is not intended to "procure the dismissal of all or part of a complaint." *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (quoting 5 Charles A. Wright & Arther R. Miller, *Federal Practice and Procedure* § 1380 (1969)). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing cases). Because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla 1996).

Defendant has not demonstrated that Plaintiff's request for consequential damages has no possible relationship to the controversy, may confuse the issues, or will otherwise prejudice Defendant. Moreover, the propriety of consequential damages is a fact intensive inquiry which is inappropriate at the pleading stage. *See, e.g.*, *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1531 n.11 (11th Cir. 1985) (citing cases for the general rule in Florida that to be recoverable, damages for breach of contract must arise naturally from the breach, or have been in the

contemplation of both parties at the time they made the contract, as the probable result of a breach); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 485 F. Supp. 2d 1302, 1306-08 (M.D. Fla. 2006) (same). Since the language at issue in the Complaint does not constitute a redundant, immaterial, impertinent, or scandalous matter, the Court must deny Defendant's motion to strike Plaintiff's prayer for consequential damages.

## Conclusion

Based on the foregoing, the Motion to Dismiss by Defendant Federal Insurance Company (Doc. No. 3, filed Feb. 29, 2008), construed as a motion to strike Plaintiff's request for consequential damages in paragraph 13 of the Complaint, is **DENIED**.

.**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 8, 2008.

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record